**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DEBRA RAFANO, individually and on behalf of all others similarly situated,<br><br>                   Plaintiff,<br><br>v.<br><br>GOHEALTH, LLC,<br><br>               Defendant. | Case No. 1:16-cv-10272<br><br>The Honorable Judge Lee |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO GOHEALTH, LLC'S MOTION
PURSUANT TO FED. R. CIV. P. 67 AND MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(1) OR IN THE ALTERNATIVE TO STAY**

## I.    INTRODUCTION

This case challenges unsolicited telephone calls that Defendant GoHealth, LLC

("GoHealth" or "Defendant") made to Plaintiff Debra Rafano ("Rafano" or "Plaintiff") and

consumers nationwide in violation of the Telephone Consumer Protection Act ("TCPA"), 47

U.S.C. § 227 *et seq*. Seeking a quick exit—and one that would allow it to avoid liability on a

class-wide basis—GoHealth asks the Court to allow it to deposit an unspecified amount of

money under Federal Rule 67 and to then dismiss the entire case under Rule 12(b)(1). (Dkt. 16.)

This is because—according only to GoHealth—the mere filing of its motion to deposit funds

moots Plaintiff's individual claims such that Rafano now supposedly lacks a stake in the

proceedings. GoHealth's novel theory goes nowhere: Plaintiff's claims would only be moot if the

Court entered judgment—merely filing a motion to deposit funds does not defeat Rafano's

standing. Furthermore, Plaintiff filed a placeholder motion for class certification well before

Defendant's Rule 67 Motion was ever filed.

Its bid for dismissal falling flat, GoHealth alternatively requests a stay pending the D.C. Circuit's review of the FCC's 2015 TCPA Order in *ACA Int'l v. Fed. Comm. Comm'n*.[1] The Motion to Stay should be denied. GoHealth speculates as to what the D.C. Circuit might do, a stay would serve no purpose other than to unfairly prejudice Plaintiff, and an adverse decision in the *ACA* appeal would not defeat Plaintiff's claims in their entirety.

As such, and for all of the reasons set forth below, the Court should deny Defendant's Motion and afford Rafano a fair opportunity to demonstrate the certifiability of a class and to prove the merits of her claims.

## II.    STATEMENT OF FACTS

The facts are straightforward. Plaintiff Rafano is a national person and resident of the State of Texas. (Compl. ¶ 1.) Defendant is an Illinois limited liability company based in Chicago. (*Id*. ¶ 2.) GoHealth runs a lead generation business that obtains health insurance leads (contact information about potential health insurance customers) and sells the leads to brokers and agents. (*Id*. ¶ 6.) GoHealth offers services to brokers and agents through a product known as "GoHealth Virtual Marketing Organization" which features autodialing equipment that GoHealth calls its "BrokerDialer". ((*Id*. ¶ 7.) Defendant uses the BrokerDialer to call consumers on their cellular telephones, and, as Plaintiff alleges, without their prior express consent. (*Id*. ¶ 10.)

Plaintiff Rafano is one consumer out of thousands nationwide who has been bombarded with GoHealth's calls. (*Id*. ¶ 22.) Rafano began receiving pre-recorded voice calls from GoHealth on November 16, 2015. (*Id*. ¶ 23.) The November 16, 2015 call began with a pre-recorded message asking Plaintiff to hold for an agent—Plaintiff did so and made clear when the

---

[1] Defendant further seeks a stay pending a ruling on a Motion to Dismiss filed in this Court in the case of *Thorne v. Donald J. Trump for President, Inc.*, Case No. 16-cv-4603. However, *Thorne* was voluntarily dismissed with prejudice on January 11, 2017 (Thorne Dkt. 76), and an Order on the Motion to Dismiss will therefore not be issued.

2

agent came on the phone that she was not seeking health insurance and requested that she not be

called again. (*Id*. ¶ 24.) Despite this "stop calling" request, Rafano received at least three

additional pre-recorded calls from GoHealth in January 2016. (*Id*. ¶ 25.)

In light of these facts, Rafano filed her Complaint on November 1, 2016 and requested

$500 for each unlawful call, to be trebled in the event the Court found that Defendant acted

willfully, to be paid into a common fund for the benefit of the Class members. (*See* Dkt. 1.)

Rafano has also prayed for injunctive relief and corresponding declaratory relief, namely an

order prohibiting the placing of further unsolicited pre-recorded calls, an order requiring

Defendant to disgorge any ill-gotten funds and to identify any third-party involved in the placing

of the calls, a declaration that Defendant's dialing equipment constitutes an ATDS under the

TCPA, and an injunction prohibiting Defendant from conducting any further telemarketing

activities until it has established an internal Do Not Call List. (*Id.*)

On the same day that Plaintiff filed her Complaint, Rafano also filed a Placeholder

Motion for Class Certification. (Dkt. 2.) The specific purpose of this placeholder motion was to

prevent motion practice like GoHealth's instant Motion to Dismiss. On November 29, 2016, the

Court struck Plaintiff's Placeholder Motion without prejudice

> in light of *Chapman v. First Index, Inc.* 796 F.3d 783, 787 (7th Cir. 2015) which
> overruled *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011), as well as in
> light of *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 670 (2010) (holding that a
> lapsed offer of judgement has no effect on the justiciability of a case or a live
> controversy between the litigated parties). As such, there is no longer binding
> authority that requires a class certification motion to be filed prematurely.

(Dkt. 8.) GoHealth does not address the filing of the Placeholding Motion and the Court's

subsequent holding when striking the Motion without prejudice. (*See* Dkt. 16.)

3

As explained below, Defendant's Motion to Dismiss and Stay should be denied. Even if the deposit is allowed the case should not be dismissed as moot. Likewise, Defendant's alternative Motion to Stay should be denied.

## III.     ARGUMENT

Defendant's Motion misunderstands the law. First, GoHealth mistakenly believes that a deposit with the Court under Rule 67 moots Plaintiff's individual claim—it does not. Second, GoHealth's reliance on the Seventh Circuit's decision in *Holtzman*—which held that the settlement reached in that case does not implicate the common fund doctrine—is misplaced. Applying *Holtzman* would be premature (as a class has yet to be certified here) and the specifics of how a common fund may ultimately be structured in this case is speculative. And the Court need not conduct an analysis of *Holtzman* in any case—GoHealth's mere filing of a Rule 67 motion to deposit does not strip Plaintiff of standing to pursue her claim.

Likewise, Defendant's alternative request for a stay pending a decision in *ACA* should be denied. The decision is unlikely to moot, impact, simplify, or streamline this case. Indeed, a stay appears calculated to serve no purpose other than to prejudice Plaintiff and impede judicial efficiency. As such, and as set forth below, the Court should deny GoHealth's Motion.

### A.     The Filing of a Rule 67 Motion Does Not "Moot" Plaintiff's Claims.

The Court should first deny Defendant's request to deposit funds because such deposits are inconsistent with the purpose of Rule 67, which is to help litigants (and non-parties) administer assets under dispute. But practically speaking, even if the Court were to grant the request to deposit, the deposit has no effect on Plaintiff's claims and is therefore unnecessary. Simply put, a defendant cannot render a plaintiff's individual or class claims "moot" by

4

depositing funds with the Court via Rule 67. GoHealth's conclusions to the contrary miss the

mark, and its Motion should thus be denied.

### 1.     Rule 67 generally allows parties to deposit funds with the Court.

Under Rule 67, a party may seek leave from the court to deposit all or part of a monetary

judgment sought by a plaintiff. Fed. R. Civ. P. 67(a). "The Court has broad discretion in

determining whether to grant a Rule 67 motion." *Practice Mgmt. Support Servs., Inc. v. Cirque*

*du Soleil Inc.*, No. 14 C 2032, 2016 WL 5720381, at *2 (N.D. Ill. Sept. 30, 2016). In deciding

whether to exercise their discretion, federal courts have looked to:

> whether the amount sought to be deposited was definite; whether the funds could
> be deposited all at once or whether there would be repeated deposits that would
> impose an undue burden on the clerk of court; and whether the party seeking leave
> to deposit the funds had demonstrated a likelihood of success on the merits.

*Kansas City S. Ry. Co. v. Borrowman*, No. 09-3094, 2009 WL 3188305, at *4 (C.D. Ill. Sept. 30,

2009) (citing *Design Ben. Plans, Inc. v. Enright*, 940 F. Supp. 200, 207 (N.D. Ill. 1996)).

"Rule 67 is a 'procedural device ... intended to provide a place for safekeeping for

disputed funds pending resolution of a legal dispute and not to provide a means of altering the

contractual relationships and legal duties of each party." *Ray Legal Consulting Group v.*

*DiJoseph, III, et al.,* 37 F.Supp.3d 704, 729 (S.D.N.Y. 2014) (citation omitted). It "is intended to

relieve a depositor of the burden of administering an asset. Often, the depositor's only interest in

a case is possession of an asset; after depositing it with the Court the depositor is excused from

the case." *Thurston v. Sisca, et al.,* No. 1:14–cv–1150(GTS)(DEP), 2015 WL 6872329, *6, slip

op. (N.D.N.Y. Nov. 9, 2015) (*quoting John v. Sotheby's, Inc.,* 141 F.R.D. 29, 34 (S.D.N.Y.

1992)). "The purpose of the deposit is to relieve the depositor of responsibility for a fund in

dispute. It is useful in cases of interpleader and of tender of an undisputed sum." *Maher Eng'g*

*Co. v. Screwmatics of S. Carolina, Inc.*, No. 14 CV 3761, 2014 WL 4979167, at \*1 (N.D. Ill. Oct. 6, 2014).

Applied here, the amount to be deposited, while unspecified by GoHealth, is probably definite and would be deposited only once. GoHealth cannot, however, demonstrate a likelihood of success. Based on this alone the Court can deny GoHealth's Motion to Dismiss. Yet even if the deposit is allowed, as explained next that would not render Rafno's claims moot.

**2.      Rule 12(b)(1), mootness, and attempted Rule 67 "pick offs."**

Article III, section 2, of the United States Constitution limits the judicial power of federal courts to cases and controversies. U.S. Const., Art. III, § 2. Article III standing relates to a court's subject matter jurisdiction over a matter. *Lee v. Deloitte & Touche, LLP*, 428 F. Supp. 2d. 825, 829 (N.D. Ill. 2006). As the Supreme Court held just last year, "if an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Campbell-Ewald*, 136 S. Ct. at 669. "A case becomes moot when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit." *Holsten v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994). "As long as the parties have a concrete interest, however small, in the outcome of the litigation", a plaintiff's case is not moot. *Campbell-Ewald*, 136 S. Ct. at 669.

Rule 12(b)(1) "provides a defendant a procedural vehicle by which the defendant may move a federal court to dismiss a claim or suit on the ground that the court lacks subject-matter jurisdiction*". Orange v. Burge*, 2005 WL 742641, at \*4 (N.D. Ill. Mar. 30, 2005). "Where a 12(b)(1) motion raises facial challenge to jurisdiction – i.e., where it challenges the sufficiency of the complaint's allegations for jurisdiction – [the court] must accept all well-pleaded factual

6

allegations as true and draw all reasonable inferences in favor of the plaintiff". *Republic Technologies (NA), LLC v. BBK Tobacco & Foods, LLC*, 2016 WL 3633338, at *2 (N.D. Ill. July 7, 2016). "Where the motion presents a factual challenge – i.e., where it disputes the truth of the allegations on which jurisdiction is premised – [the court] may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* GoHealth's mootness challenges appear to be facial and Plaintiff is thus afforded all reasonable inferences.

### 3.   Plaintiff's individual claims are not rendered moot by GoHealth's Rule 67 Motion.

GoHealth's Motion is premised on the notion that simply because it offers to deposit an unspecified amount of funds[2] with the Court and "consents to the request by Rafano to enjoin GoHealth from making any further unsolicited autodialed and/or prerecorded calls to her cell phone" (Mot. at 1), then Rafano's claims are moot. Such logic falls apart.

Judge Kennelly was recently faced with similar arguments in *Wendell H. Stone Company, Inc. v. Metal Partners Rebar, LLC*, Case No. 1:16-cv-08285. In refusing to allow a Rule 67 offer moot the Plaintiff's claims Judge Kennelly held:

> The mere filing of a motion to deposit funds does not render a plaintiff's claims moot, for the same reason that an unaccepted offer under Rule 68 does not do so. In *Chapman*, the Seventh Circuit held that an offer under Rule 68 cannot possibly render a case moot, because otherwise the adjudicating court would lose control over the case before the court could enter a decree. *Chapman*, 796, F.3d at 786-87. If submitting an offer immediately rendered a case moot, the court would have no authority to enter a decree, enforce the offer, or ensure that the plaintiff receives the relief provided for in the offer. Therefore, a plaintiff's claim cannot be rendered moot—based on the premise that he has received full relief—before the Court actually exercises its authority to grant the relief.
>
> . . . [T]he only possible time at which Stone's claims could be become moot would be after Metal Partners has made the deposit and the Court has entered judgment in

---

[2] Perhaps this is indicative of the fact that GoHealth is unaware of how many calls it placed to Plaintiff or that it is unwilling to admit at this juncture how many such calls were placed.

7

> Stone's favor. This is supported by implication in *Campbell-Ewald*, in which the Court indicated that it need not 'decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim . . . *and the court then enters judgment for the plaintiff in that amount.*' *Campbell-Ewald*, 136 S. Ct. at 672 (emphasis added). It is only both of these actions, together, that conceivably might result in Stone's claims becoming moot. The Ninth Circuit has drawn a similar conclusion, holding than an individual claim becomes moot only 'when a plaintiff actually receives all of the relief he or she could receive on the claim." *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1144 (9th Cir. 2016).

*Wendell H. Stone Co., Inc. v. Metal Partners Rebar, LLC*, 2016 WL 7049084, at *3 (N.D. Ill. Dec. 5, 2016)

Following Judge Kennelly, the Court should decline to enter judgment on Plaintiff's individual claim here even if GoHealth is permitted to make the deposit. "Settlement proposals designed to decapitate the class upset the incentive structure of the litigation by separating the representative's interests from those of other class members." *Chapman*, 796 F.3d at 787. "[A] motion to deposit funds is designed to do just that. By separating [Plaintiff's] interests from those of other potential class members, [Defendant] attempts to defeat a potential class action by satisfying only [Plaintiff's] individual claim. In this way, [Defendant] might perpetually evade a class action by making a similar motion for every representative plaintiff that comes forward. *Chapman* suggests that courts should not authorize this sort of tactical maneuver." *Wendell H. Stone Co., Inc.*, 2016 WL 7049084, at *3 (holding that permitting the plaintiff's individual claim moot would "undermine the purposes of the class action devise").

As a final point, GoHealth's Motion does not offer complete relief in any case. That is, GoHealth has moved to deposit an unspecified amount of money with the Court to satisfy the statutory damages Plaintiff seeks— but without discovery into how many calls were placed to Plaintiff, it is impossible to determine which amount of money would need to be deposited to satisfy Plaintiff's damages.

True, GoHealth also "consents to the request by Rafano to enjoin GoHealth from making any further unsolicited autodialed and/or prerecorded calls to her cell phone". (Mot. at 1.) But this both misconstrues the injunction Rafano seeks and ignores Rafano's other prayers for relief. Rafano seeks:

(1) an order certifying the Classes, appointing Rafano as class representative, and appointing her counsel as class counsel;

(2) an award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

(3) an order declaring that Defendant's actions violate the TCPA;

(4) a declaration that Defendant's telephone calling equipment constitutions an ATDS under the TCPA;

(5) an order requiring GoHealth to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

(6) an order requiring Defendant to identify any third-party involved in the pre-recorded calling as set out above, as well as the terms of any company with the third party;

(7) an injunction requiring Defendant to cease all unsolicited pre-recorded calling activities;

(8) an injunction prohibiting Defendant from using an ATDS without obtaining and maintaining record of prior express consent;

(9) an injunction prohibiting Defendant from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures ensuring the third-party's compliance with the TCPA;

(10) an injunction prohibiting Defendant from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA;

(11) an injunction prohibiting Defendant from making telemarketing calls until it establishes an internal Do Not Call List; and

(12) an award of reasonable attorneys' fees and costs to be paid out of the to-be-established common fund.

9

Put simply, offering to deposit an unspecified amount of money with the Court and promising to not autodial Plaintiff's cellphone again does provide Rafano with complete relief when analyzed against what she has actually requested in this litigation.

Defendant's Motion does not moot Plaintiff's individual claims, and GoHealth's Motion should be denied.

### 4. Plaintiff's class claims are not moot either.

Plaintiff's class claims likewise remain active despite Defendant's Motion to deposit funds. "A would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." *Campbell-Ewald*, 136 S. Ct. at 672. The Court already realizes this—it previously struck Plaintiff's placeholder motion for class certification:

> in light of *Chapman v. First Index, Inc.* 796 F.3d 783, 787 (7th Cir. 2015) which overruled *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011), as well as in light of Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 670 (2010) (holding that a lapsed offer of judgement has no effect on the justiciability of a case or a live controversy between the litigated parties). As such, there is no longer binding authority that requires a class certification motion to be filed prematurely.

(Dkt. 8.) Because Plaintiff's placeholder motion was stricken and Plaintiff has not been able to pursue class discovery, Plaintiff has not received a fair opportunity to pursue class certification. Its class claims thus are not moot. *See Wendell H. Stone Co., Inc.*, 2016 WL 7049084, at *3.

*Holtzman* does not change this analysis. While the Seventh Circuit held in *Holtzman* that "suits under the Telephone Consumer Protection Act seek recovery for discrete wrongs to the recipients", 828 F.3d 608, and thus do not implicate the common fund doctrine set forth in *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980), the *Holtzman* holding has no impact on this case. GoHealth appears to be arguing that because Plaintiff's individual claim is mooted by its motion to deposit funds, the entire case is moot because Plaintiff has no interest in the outcome

10

in the case beyond her individual claims, despite her pleading of class claims. The argument first fails because, as explained above, Defendant's motion to deposit funds plainly does not moot Plaintiff's individual claims.

Second, GoHealth's argument conflicts with *Campbell-Ewald*'s holding that "a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." *Campbell-Ewald*, 136 S. Ct. at 672. Plaintiff has the right to proceed with her class claims. Should the case settle on a class-basis or should the Court enter judgment on a class-basis, the Court may then consider *Holtzman* in terms of how payments are structured. *See Holtzman*, 828 F.3d, at 609 ("Under our 2013 decision the $4.2 million represents security for payment, not a genuine common fund . . . If all class members claim their awards, this will make difference"). It is premature to evaluate what the settlement structure may look should the parties ultimately resolve the case on a class basis, and the issue has no impact on Plaintiff's standing or on the case generally at this juncture.

As a final point, granting GoHealth's Motion to Dismiss would be tantamount to endorsing gamesmanship. Placeholder Motions for Certification are only filed out of an abundance of caution given Judge Chen's decision in *Fulton Dental*. To strike such a placeholder motion and then, while the placeholder is no longer pending allow a defendant to seize the moment and make a Rule 67 offer would simply strip plaintiffs of their ability to ward off such tactics by defendants.

Plaintiff's class claims are not moot, and the Motion should be Denied.

**B.        The Court Should Also Deny GoHealth's Alternative Motion to Stay.**

11

Defendant's Motion contains an alternative request to stay this case pending the *ACA* appeal.[3] "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). "Only in rare circumstances will a litigant in one cause be compelled to standing aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. Additionally, a stay should not be for an "indefinite duration in the absence of a pressing need". *Id.*

As explained below, the Court should deny Defendant's request to stay.

**1. It is unclear when a decision in the ACA appeal will be issued, the decision is unlikely to resolve all claims here, and Rafano will suffer prejudice from a stay.**

First, the *ACA* case has been fully briefed since February 2016, and oral argument was not heard until October 19, 2016. No one knows when the D.C. Circuit will issue its ruling. *See Lathrop v. Uber Techs., Inc.*, 2016 WL 97511 at *4 (N.D. Cal. Jan. 8, 2016) (denying motion to stay pending *ACA* case because, in part, "neither the parties nor the Court can forecast when the D.C. Circuit will ultimately issue a decision"); *Mancini v. JPMorgan Chase Bank, N.A.*, 2016 WL 1273185 at *1 (S.D. Fla. Mar. 28, 2016) ("In this case, the Court has considered Defendant's arguments and does not find that it is necessary for this Court to delay pending issuance of a ruling by the D.C. Circuit. Any stay would be indefinite and solely in the interests of judicial economy, which the Supreme Court has found to be insufficient justification for a stay pending a similar proceeding."); *Konopca v. Comcast Corp.*, No. CV156044FLWDEA, 2016 WL 1645157, at *4 (D.N.J. Apr. 26, 2016) (citing *Elikman v. Sirius XM Radio, Inc.*, No. 15-2093, 2015 U.S. Dist. LEXIS 171769 at *6-7 (N.D. Ill. December 21, 2015) ("Staying the case pending the D.C. Circuit's review would also subject [Plaintiff] to the inequity of indefinite delay, as it is unknown

---

[3] As indicated above, Defendant also argues that the case be stayed pending a ruling in *Thorne*, but that request fails as the *Thorne* case was voluntary dismissed.

12

when the D.C. Circuit will rule.")); *see also Cartmill v. Sea World, Inc.*, 2010 WL 4569922, at

*2 (S.D. Cal. Nov. 5, 2010) ("The potential length of a stay is a relevant consideration in

determining whether to grant it.").

Moreover, "the D.C. Circuit is unlikely to be the final step in the litigation over the FCC's

2015 Omnibus Order. Whichever party is unsuccessful in that court is almost certain to appeal to

the Supreme Court. Thus, even the most optimistic estimate of the time required for a decision

from the D.C. Circuit significantly understates both the delay a stay might engender and the

concomitant prejudice to Plaintiff." *Lathrop*, 2016 WL 97511, at *4; *see also Schwyhart v.*

*AmSher Collection Services, Inc.*, 15-cv-01174-JEO, 2016 WL 1620096, *3 (N.D. Ala. April 22,

2016) ("There is always the possibility that the D.C. Circuit's decision will be appealed to the

Supreme Court, adding a further layer of indefinite – and perhaps lengthy – delay were a stay to

be granted here.").

The harm to Rafano of an indefinite stay is substantial. *See Blue Cross & Blue Shield of*

*Alabama v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) ("We agree

with the majority position that lengthy and indefinite stays place a plaintiff effectively out of

court. Such an indefinite delay amounts to a refusal to proceed to a disposition on the merits . . .

Even if litigation may eventually resume, such stays create a danger of denying justice by

delay"); *S.E.C. v. Jones*, 2005 WL 2837462, at *2 (S.D.N.Y. Oct. 28, 2005) ("Stays in

proceedings may result in prejudice because witnesses relocate, memories fade, and persons are

unable to seek vindication or redress for indefinite periods of time on end"); *Lathrop*, 2016 WL

97511, at *4 ("Plaintiffs argue persuasively that they would suffer prejudice from a stay because

the case would extend for an indeterminate length of time, increase the difficulty of reaching

class members, and increase the risk that evidence will dissipate."); *see also* Fed. R. Civ. P. 1

(declaring that the Federal Rules of Civil Procedure "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

Simply put, the type of indefinite stay Defendant seeks is contrary to long-standing principles of justice, the objective of the federal rules, and would significantly prejudice Plaintiff.

### 2.      GoHealth will not suffer any prejudice if it is required to defend this case.

On the other hand, GoHealth would not be prejudiced at all if the Court denied its Motion to Stay. Needing to defend itself in a lawsuit does not constitute "harm". *See Konopca*, 2016 WL 1645157, at *4 ("Here, the only purported 'hardship' identified by Defendant is the possibility that the parties may engage in some extent in unnecessary discovery and/or motion practice. The Court does not find this sufficient to constitute the requisite hardship or inequity"); *In re ConAgra Foods, Inc.*, No. 11-cv-5379, at *12 (N.D. Cal. Dec. 29, 2014) ("Here, the crux of ConAgra's argument is that it will be prejudiced by being required to comply with its discovery obligations and mount and defense. This does not justify entering a stay"). As such, the Court should find that on balance Rafano, not GoHealth, is prejudiced by a stay.

### 3.      The *ACA* Appeal's eventual impact on this case is speculative, and some claims are likely to survive regardless.

Finally, Defendant's Motion to Stay should be denied because whether or not an Order in *ACA*—whenever it may be issued—will actually impact this case is speculative, and there is little chance that the Order would dispose of all of Plaintiff's claims.

First, Defendant claims a stay is warranted because the D.C. Circuit is considering the standard for revoking consent. (Mot. at 10.) But even if the *ACA* Order were to address whether a safe harbor exemption for calling the wrong person is limited only to the first such call, this

14

would not dispose of the case. Plaintiff alleges that she was called multiple times—not once— after she requested that the calls stop, and more than 30 days after her first stop request. (Compl. ¶¶ 24-26.) Even a slight relaxation of the single-call safe harbor would not save GoHealth, which repeatedly harassed Rafano and other consumers without authority to do so.

Further, Plaintiff alleges that Defendant's calls featured a pre-recorded voice as well as an ATDS. As such, while a hypothetical change to the definition of an ATDS in *ACA* could conceivably impact calls if they were only autodialed, such a change would not impact calls featuring a pre-recorded voice. *See Vaccaro v. CVS Pharmacy, Inc.*, 13-CV-174-IEG-RBB, 2013 WL 3776927, at *1 n.2 (S.D. Cal. July 16, 2013) ("Because the provision is written in the disjunctive, plaintiffs can state a claim under the TCPA by alleging the use of (1) an 'artificial or prerecorded voice' *or* (2) an ATDS.") The calls here were allegedly pre-recorded.

Thus, any *ACA* opinion on the issues presented is of questionable value to this case and Defendant's Motion should be denied.

## IV. CONCLUSION

For the above reasons, Defendant's Motion should be denied. Even in the Court permits the requested deposit, it has no impact on Plaintiff's standing. The requested stay should also be denied.

Dated: January 31, 2017          Respectfully submitted,

                                       **DEBRA RAFANO,** individually and on behalf of all others similarly situated,

                                       By: /s/ Steven L. Woodrow
                                       One of Plaintiff's Attorneys

                                           Steven L. Woodrow
                                           swoodrow@woodrowpeluso.com

Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Stefan Coleman
Law@stefancoleman.com
Law Offices of Stefan Coleman, P.A.
201 S Biscayne Blvd., 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

*Counsel for Plaintiff and the Putative
Classes*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 31, 2017, I served the above and foregoing papers by causing such paper to be filed with the Court using the Court's electronic filing system, which will send copies of such paper to all counsel of record.


/s/ Steven L. Woodrow

16