IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBRA RAFANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 1:16-cv-10272 |
| v. ) | |
| ) | The Honorable Judge Lee |
| GOHEALTH, LLC, ) | |
| ) | |
| Defendant. ) | |

**REPLY MEMORANDUM IN SUPPORT OF GOHEALTH, LLC'S
MOTION PURSUANT TO FED. R. CIV. P. 67 AND MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1) OR IN THE ALTERNATIVE TO STAY**

GoHealth, LLC ("GoHealth") submits this Reply Memorandum in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), or in the alternative to stay.

The Seventh Circuit's holdings in *Holtzman v. Turza,* 728 F.3d 682 (7th Cir. 2013) and *Holtzman v. Turza,* 728 F.3d 682 (7th Cir. 2016) squarely refute Debra Rafano's arguments regarding her individual standing to pursue claims subsequent to a deposit by GoHealth of the full extent of her own damages and agreement by GoHealth to her personal request for injunctive relief pursuant to Rule 67.

Rafano's opposition to GoHealth's motion to dismiss fails to comprehend several key points. First, *Turza* did not involve a settlement. To the contrary, the Seventh Circuit expressly reached its conclusion because that case did not end in settlement. Second, as a consequence of the holding in *Turza,* "placeholder" class action motions for certification should no longer have effect in TCPA class actions because TCPA class actions are comprised of a conglomeration of individual claims and do not present a common-fund. As such, Rafano has no interest in the claims or alleged damages of other putative class members. Finally, Rafano assumes that GoHealth does not seek a judgment by Rafano against it as a condition of dismissing this case.

This is incorrect. Without a judgment, there would be no rationale for distributing the disputed funds to Rafano pursuant to Rule 67. To the extent that this request for relief was not explicit in GoHealth's motion to dismiss, GoHealth requests that this Court enter judgment against it on an individual basis if the Court grants the other relief in its motion to dismiss.

I. **THE RULE 67 DEPOSIT PROVIDES RAFANO COMPLETE RELIEF AND THEREFORE MOOTS HER INDIVIDUAL CLAIMS**

Rule 67 provides that "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it." Fed. R. Civ. P. 67(a).

Rafano's individual claimed relief is: (1) money in the form of statutory damages; and (2) an injunction against GoHealth. The TCPA provides these exclusive remedies to those bringing private actions. 47 U.S.C. § 227(b)(3). GoHealth's proposed tender fully satisfies these exclusive remedies as to Rafano.

In her opposition, Plaintiff contends that Rule 67 is a procedural device that cannot be used in the manner proposed by GoHealth. (Dkt. 20 at 5). However, Plaintiff's argument fails to recognize that in utilizing Rule 67, the courts hold that a deposit is permissible even if it results in substantive effects on the parties. Significantly, courts have determined that a Rule 67 deposit can stop the running of prejudgment interest (or some other form of interest on a principal-liability amount). *Lich v. Cornhusker Cas. Co.*, 774 F. Supp. 1216, 1223 n.5 (D. Neb. 1991) (defendant's deposit stopped the running of prejudgment interest where the defendant had conceded liability and deposited the full value of the contested amount into the court's registry); *Cajun Elec. Power Co-op., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 445 (5th Cir. 1990); 12 Charles Alan Wright & Arthur R. Miller, § 2991 ("Under some circumstances [Rule 67] may

suffice to stop the running of interest." (citing cases)). Moreover, Rule 67 was amended in 1983 such that Rule 67 "is not restricted to interpleader actions, and it can be used even when legal consequences may flow from the deposit—like avoiding breach of contract during litigation." *Fulton Dental, LLC v. Bisco, Inc.*, No. 15 C 11038, 2016 WL 4593825, *5 (N.D. Ill. Sept. 2, 2016).[1] (Exhibit A).

Here, Rafano has no personal stake in the individual claims once she receives full relief through a Rule 67 deposit. In *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 670 (2016) (decided prior to *Turza*), the United States Supreme Court determined that an unaccepted, expired Rule 68 offer does not moot an individual's claims—the plaintiff still had an Article III interest. *Id.* at 670-71 ("with no settlement offer still operative, the parties remained adverse; both retained the same stake in the litigation they had at the outset.")[2] In so deciding, the Supreme Court added that "[it] need not, and do[es] not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount. That question is appropriately reserved for a case in which it is not hypothetical." *Id.* at 672.

In *Campbell-Ewald,* the concurrence and dissent hinted that the situation would be different if the amount was tendered rather than just offered. *See id.* at 675-76 (Thomas, J., concurring) (differentiating between a "mere offer" and a common-law tender "accompanied by actually produc[ing] the sum at the time of tender in an unconditional manner" (citations and quotations omitted)); *Id.* at 680 (Alito, J., dissenting) ("[T]o the extent there is a question whether Campbell is willing and able to pay, there is an easy answer: have the firm deposit a

---

[1] *Fulton Dental,* cited by Plaintiff (ECF 20 at 11) is currently on appeal to the Seventh Circuit and on January 27, 2017, after GoHealth's opening memorandum, the Seventh Circuit set oral argument in that case for February 21, 2017. *Fulton Dental, LLC v. Bisco, Inc.*, No. 16-3574.

[2] Similarly, *Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015) addressed unaccepted and expired Rule 68 offers of judgment, not deposits of the full amount of disputed damages pursuant to Rule 67.

certified check with the trial court."); *Id.* at 684 (Roberts, C.J., dissenting) ("The most straightforward way is simply to pay over the money. The defendant might hand the plaintiff a certified check or deposit the requisite funds in a bank account in the plaintiff's name.... Alternatively, a defendant might deposit the money with the district court ... on the condition that the money be released to the plaintiff when the court dismisses the case as moot." (citations omitted)).

Here, GoHealth has filed a motion to deposit an amount representing the full measure of damages that Rafano is entitled to by statute (if she prevailed in this action) and to be enjoined from calling Rafano. Under such circumstances, there is nothing left for this Court to do except enter judgment:

> [I]f the defendant has thus thrown in the towel there is nothing left for the district court to do except enter judgment. The absence of a controversy in the constitutional sense precludes the court from issuing an opinion on whether the defendant actually violated the law.

*Leyse v. Lifetime Entm't Servs., LLC*, 171 F. Supp. 3d 153, 155-56 (S.D.N.Y. 2016) (citation and quotations omitted). GoHealth has unconditionally surrendered on Rafano's individual claims, so those claims are no longer live.

Rafano claims that GoHealth "ignores Rafano's other prayers for relief."[3] (Dkt. 20 at 8-9). However, the Seventh Circuit has previously rejected just such an argument. *See*, *Chathas v. Local 134 Int'l Bhd. of Elec. Workers*, 233 F.3d 508, 512 (7th Cir. 2000) (when the plaintiffs appealed the district court's dismissal, arguing that they were entitled to declaratory relief or to a finding of liability, the Seventh Circuit explained there was no basis for the appeal: "A winning party cannot appeal merely because the court that gave him his victory did not say things that he

---

[3] Rafano identifies additional prayers for relief but these are largely either based on relief for class claims or declaratory relief that is not relevant to Rule 67 (e.g. "a declaration that Defendant's telephone system constitutes an ATDS under the TCPA.") (Dkt. 20 at 9).

would have liked to hear, such as that his opponent is a lawbreaker. Adverse dicta are not appealable rulings.") (citations omitted). As such, the failure to receive declaratory relief "can cause harm, but not the sort of harm that the courts, in an effort to limit litigation, deem to create a genuine controversy within the meaning of Article III of the Constitution." *Id.*

## II. RAFANO'S ARGUMENT AGAINST A RULE 67 DEPOSIT IS PREMISED UPON A COMMON-FUND THEORY REJECTED BY THE SEVENTH CIRCUIT IN *TURZA*

Rafano mistakenly contends that GoHealth's reliance on *Turza* is premature, arguing that *Turza* relates only to claims that result in a settlement. What Rafano fails to realize, however, is *Turza* did <u>not</u> result from a settlement—instead, the amount held in trust in *Turza* was the result of security ordered deposited by the Seventh Circuit for the full amount of **potential** contested individual damage claims. *Turza*, 828 F.3d at 608 ("Under our 2013 decision the $4.2 million represents security for payment, not a genuine common fund) (*citing Boeing*, 444 U.S. at 479–80 n.5).

In the first appeal to the Seventh Circuit in *Turza*, the Seventh Circuit specifically stated that "[o]ur case did not end in settlement and is not a common fund situation." *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 689 (7th Cir. 2013). Regarding its instructions on remand concerning the proper remedy, the Seventh Circuit noted the District Court's failure to analyze the difference between common-fund suits (which *Turza* was not) and those involving the use of the class device to vindicate individually held claims (which *Turza* was) and referred the district court to the United States Supreme Court's holding in *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980).

*Turza*'s holdings are significant to this case because the Seventh Circuit held that contested TCPA class action cases do not present a common-fund where there is no agreement by the parties to settle on a common-fund basis. Rather, TCPA class cases are nothing more than

a compilation of individual claims where no class member has an interest in the claims of other putative class members. Specifically, the Seventh Circuit stated:

> We thought then, and think now, that suits under the Telephone Consumer Protection Act seek recovery for discrete wrongs to the recipients. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 263–67 & n. 39, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) (explaining the difference between common-fund cases and class actions that aggregate individual claims); *Snyder v. Harris*, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969) (same); *Travelers Property Casualty v. Good*, 689 F.3d 714 (7th Cir. 2012) (same). Under our 2013 decision the $4.2 million represents security for payment, not a genuine common fund (see *Boeing*, 444 U.S. at 479–80 n. 5, 100 S.Ct. 745).

*Turza*, 828 F.3d at 608.

In *Snyder v. Harris,* 394 U.S. 332, 335 (1969), the United States Supreme Court held that the 1966 amendments to Rule 23 did not change the previous rule that separate and distinct claims, even though part of a class action, could not be aggregated to attain the jurisdictional amount required for federal court actions. In so holding, the Supreme Court reaffirmed that class actions which involve "two or more plaintiffs unit[ing] to enforce a single title or right in which they have a common and undivided interest" could be aggregated, whereas Rule 23(b)(3) class actions which are "in essence merely a form of permissive joinder in which parties with separate and distinct claims were allowed to litigate those claims in a single suit simply because the different claims involved common questions of law or fact" could not. *Id.* Accordingly, in *Snyder*, the Supreme Court not only created a differentiation for purposes of jurisdictional aggregation but also for distinguishing class actions involving an undivided *res* and Rule 23(b)(3) class actions established solely for convenience. In *Zahn v. International Paper Co.*, 414 U.S. 291 (1973), the Supreme Court reaffirmed *Snyder*, holding that a class action cannot be maintained in federal court unless each individual member of the class meets the jurisdictional amount requirements.

Both *Snyder* and *Zahn*, in addition to relating to jurisdictional requirements, maintained the previous difference between class actions involving a single undivided claim and 23(b)(3) class actions established solely for convenience. Neither case explicitly limited its holding to matters of jurisdiction. *See also*, *Travelers Property Cas. v. Good*, 689 F.3d 714 (7th Cir. 2012); *Eagle Star Ins. Co. v. Maltes,* 313 F.2d 778, 781 (5th Cir. 1963); *Gilman v. BHC Securities, Inc.*, 104 F.3d 1418, 1424 (2d Cir. 1997); *Eagle v. Am. Tel. & Tel. Co.,* 769 F.2d 541, 546 (9th Cir. 1985). Picking up where the Supreme Court left off in *Boeing v. Van Gemert* footnote 5, and under *Snyder* and *Zahn* and its progeny, the Seventh Circuit *in Turza* correctly found that TCPA class actions fall in the second set of class action types—those consolidated under Rule 23(b)(3) solely for convenience.

Just as in *Turza*, this case was brought on behalf of individual claimants for the discrete injuries allegedly suffered by each telephone call recipient due to the alleged conduct of GoHealth. Rafano has no joint interest with the other proposed members of the putative class. The claims of other putative class members therefore cannot be invoked by Rafano, as she lacks any interest in the outcome of those claims. Moreover, as a consequence of the Seventh Circuit's holding in *Turza*, which was not addressed by Judge Chang in *Fulton Dental*, Plaintiff's early placeholder Motion for Class Certification is also unavailing. To hold otherwise would run against the clear holding of the Seventh Circuit that "suits under the Telephone Consumer Protection Act seek recovery for discrete wrongs to the recipients." *Turza*, 828 F.3d at 608.

Rafano's argument that allowing the deposit pursuant to Rule 67 and entering judgment on her individual claims would "decapitate the class ... incentive structure ... by separating the representative's interests from those of other class members" also fails in light of *Turza*. Moreover, in *Fulton Dental*, even without consideration of the Seventh Circuit's holding in *Turza,* Judge Chang rejected this notion:

> The Court, however, declines to apply a categorical bar under Rule 67. First, Rule 67's text does not mention a defendant's litigation motivations as a relevant consideration. So without any case-law authority, the Court cannot hold that Rule 67 draws the line at defendants in a proposed class action who wish to tender relief to a named plaintiff. Indeed ... the 1983 amendments to Rule 67 suggest that deposits are permitted *even if* they have substantive effects on the parties' legal positions. All that is needed for a Rule 67 deposit is that "any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing." Fed. R. Civ. P. 67(a). That requirement is met here.

*Fulton Dental*, 2016 WL 4593825, at *7.

Because Rafano will have no remaining stake in this litigation after receiving her claimed maximum statutory damages, in addition to the injunctive relief she requests, this Court should dismiss this matter as moot due to the lack of an actual case or controversy.

### III. IN THE ALTERNATIVE, THIS CASE SHOULD BE STAYED

#### A. This Court Has The Inherent Authority To Stay This Action Pending The Supreme Court's Review In *Holtzman v. Turza,* The Seventh Circuit's Review Of *Fulton Dental v. Bisco, Inc.* And/Or The D.C. Circuit's Review of *ACA International v. FCC*

A stay of this litigation is warranted and appropriate. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Tex. Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005). "The court has broad discretion in exercising its authority to stay." *Id*. at 1045-46 (citation omitted). "Courts generally consider three factors when determining whether to grant a stay: (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *Groupon*, 882 F. Supp. 2d at 1045 (citing *Markel Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776,

779 (N.D. Ill. 2011). There are at least three cases under appellate consideration that address issues that are significant and relevant here and that support a stay of this action.

### 1. This Court Should Grant A Stay Pending The Seventh Circuit's Review Of *Fulton Dental*

As noted, the *Fulton Dental* case is on appeal to the Seventh Circuit and that Court recently (January 27, 2017) set oral argument for February 21, 2017. As discussed herein, *Fulton Dental* involves issues relating to the effect of Rule 67 in a putative class action which are central to this case, the determination of which could be case dispositive. It would be inefficient for the parties to engage in extensive discovery and substantive legal briefing when these issues central to the Motion to Dismiss and viability of Plaintiff's claims, could well be determined by the Seventh Circuit in short order—indeed, the average time in the Seventh Circuit from oral argument to disposition is 2.7 months.[4] Thus, the imminence of that decision warrants a stay of this case until such time as the Seventh Circuit has ruled on issues that may be highly relevant to the arguments raised in GoHealth's motions.

### 2. Alternatively, This Case Should Be Stayed Pending A Ruling In The *ACA* Case Pending In The D.C. Circuit Court Of Appeals

In the alternative, the Court should grant GoHealth's Motion to Stay this case pending the ruling in *ACA Int'l v. FCC, et al.*, No. 15-1211 (D.C. Cir. Filed July 10, 2015) (and consolidated cases) (hereinafter "*ACA*").[5] The D.C. Circuit's ruling in *ACA* will be a binding ruling on the

---

[4] Administrative Office of the U.S. Courts, *Table B-4. U.S. Courts of Appeals—Median Time Intervals in Months for Cases Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2015*, *available at* http://www.uscourts.gov/sites/default/files/data_tables/B04Sep15.pdf.

[5] GoHealth acknowledges that the *Thorne v. Donald J. Trump for President, Inc.,* 16-cv-4603 case has been dismissed and, accordingly, there is no motion pending on which a stay in this case could be based. However, GoHealth reserves the right to raise arguments such as those raised in the *Thorne* case at the appropriate time.

Omnibus Order[6] that is likely to resolve key issues in this case, most notably the standard for revoking consent to receive calls under the TCPA. Staying this case pending a ruling will eliminate the need for the parties to spend time and money conducting discovery and engaging in motion practice on a critical issue without knowing what law will ultimately apply at summary judgment or at trial. It will also eliminate the concern that this Court may have to revise any rulings made in reliance on the Omnibus Order if the D.C. Circuit determines that a portion of the order is invalid. Furthermore, at this early stage of the case, Rafano will experience no undue prejudice from a stay of a few months.

Oral argument in the *ACA* case was held on October 19, 2016. According to the most recent data from the Administrative Office of the U.S. Courts, the median time between oral argument and issuance of an opinion in the D.C. Circuit is 3.7 months.[7] Thus, it is very likely that the D.C. Circuit will issue an opinion in the near future. *See Ankcorn*, 2017 WL 395707 at *3 ("the delay caused by the stay will likely be insubstantial giving that briefing and oral argument have already been completed in the D.C. Circuit.") (Exhibit B); *Washington v. Six Continents Hotels, Inc.*, 216CV03719ODWJEMX, 2017 WL 111913, at *2 (C.D. Cal. Jan. 9, 2017) (granting a stay in a TCPA case pending the D.C. Circuit's decision in *ACA* and reasoning that because oral argument on the *ACA* appeal "occurred over two months ago . . . the stay is unlikely to exceed four to six months from [January 9, 2017]." (Exhibit C).

Numerous courts that have considered whether to grant a stay after the oral argument in *ACA* have granted the stay, reasoning that the delay pending ruling is likely to be relatively short.

---

[6] "Omnibus Order" is used in this Reply as it was defined in GoHealth's Memorandum in support of this Motion, i.e., to refer to the FCC's recent *Declaratory Ruling and Order in In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 991*, F.C.C. 15-72.

[7] Administrative Office of the U.S. Courts, *Table B-4. U.S. Courts of Appeals—Median Time Intervals in Months for Cases Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2015*, available at http://www.uscourts.gov/sites/default/files/data_tables/B04Sep15.pdf.

*See, e.g.*, *Ankcorn*, 2017 WL 395707, at *4 (Jan. 30, 2017); *Reynolds v. Time Warner Cable, Inc.*, 16-CV-6165W, 2017 WL 362025, at *3 (W.D.N.Y. Jan. 25, 2017) (Exhibit D); *Maksymowsky v. Navient Solutions Inc.*, 15-14368, 2017 WL 486941, at *1 (E.D. Mich. Jan. 12, 2017) (Exhibit E); *Washington*, 2017 WL 111913, at *2 (Jan. 9, 2017).

Rafano's argument that the D.C. Circuit's opinion may be appealed to the Supreme Court is unavailing. If the losing party to the *ACA* appeal successfully petitions for rehearing *en banc* or for a writ of certiorari, then the Court may decide to reweigh the relevant factors and decide whether to grant a stay at that time. *See Washington*, 2017 WL 111913, at *2 n.2. However, any predictions about what a losing party may do are speculative at this point, and it is proper to grant a stay based on the likely ruling date of the current appeal where the stay would simplify the issues in question and reduce the burden of litigation for the parties and the Court. *Id.*

### 3. *ACA* Will Likely Resolve A Key Issue In This Case And Prevent Needless Expenditure Of Resources By The Court And Parties

Rafano's argument that a stay is inappropriate because "some claims are likely to survive" a ruling in *ACA* misstates the standard for granting a stay. The issue is not whether the decision of another court will completely resolve a case, but whether that decision "will simplify the issues in question and streamline the trial." *Ankcorn*, 2017 WL 395707, at *2. Thus, a stay is appropriate if the decision in *ACA* will "more precisely define terms set forth in the TCPA" or "settle important issues of law." *Acton v. Intellectual Capital Mgmt., Inc.*, 15-CV-4004 (JS)(ARL), 2015 WL 9462110, at *3 (E.D.N.Y. Dec. 28, 2015). (Exhibit F). The *ACA* ruling will do precisely that. It will determine whether the FCC's standard for revocation of consent set forth in the Omnibus Order is valid. Rafano's alleged revocation of her consent to receive phone calls is a key issue in this case, and both the parties and the Court will benefit from clarification on the applicable law.

### 4. This Court Should Grant A Stay Pending Decision On The Petition For Writ Of Certiorari In The *Turza* case

Additionally, The Supreme Court of the United States is currently reviewing Holtzman's Petition for Writ of Certiorari regarding the Seventh Circuit decision in *Holtzman v. Turza,* 728 F.3d 682 (7th Cir. 2016) discussed extensively herein. (Exhibit G). On January 5, 2017, the Supreme Court requested briefing in opposition to the Petition for Certiorari filed by Turza. (Exhibit H). A response to the Petition was filed on February 6, 2017. (Exhibit I). Thus, the pendency of this Petition provides further grounds for a stay of this case—especially if the Petition is granted.

### B. Any Prejudice To Rafano From A Stay Would Be Slight And Would Be Outweighed By The Benefit Of Saving Needless Litigation And Expenditure Of Court Resources

Rafano again misstates the standard for granting a stay when she argues that GoHealth will not suffer any prejudice from denial of a stay. The question is "whether a stay will unduly prejudice or tactically disadvantage the **non-moving party**," *i.e.*, Rafano, not GoHealth. *Ankcorn*, 2017 WL 395707, at *2 (emphasis added). Rafano's Response does not point to any concrete prejudice that she will incur from a stay, other than delay in being able to pursue his statutory claims and a generalized concern that witnesses may become unavailable or their memories may fade. However, "[i]t is not enough for Plaintiff to rely on the type of prejudice inherent in any stay." *Id.* at *4. Furthermore, Rafano does not allege that she is still receiving any phone calls from GoHealth. When, as here, the defendant has "ceased the challenged conduct," the case is still at an early stage, and the stay is unlikely to be long, there is no undue prejudice to the plaintiff in granting a stay. *See Reynolds*, 2017 WL 362025 at *2.

Accordingly, judicial economy, the interests of the parties, the likely short length of the proposed stay, and lack of undue prejudice to Rafano all weigh in favor of granting a stay of this

case pending a determination of the Seventh Circuit in *Fulton Dental*, a ruling by the D.C. Circuit in the *ACA* case, and the pending Petition for Writ of Certiorari by the Supreme Court in *Turza*.

## **CONCLUSION**

For the reasons explained above, this Court should grant GoHealth's Motion to Dismiss or, in the alternative, stay these proceedings.

Dated: February 14, 2017

Respectfully submitted,

**GOHEALTH LLC**

By: /s/ Steven D. Pearson
One of its Attorneys

Debra R. Bernard (No. 6191217)
PERKINS COIE LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559
(312) 324-8400
(312) 324-9400 FAX

Steven D. Pearson (No. 6190506)
Christopher E. Kentra (No. 6211295)
David L. Sanders (No. 6314667)
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 474-7900
(312) 474-7898 FAX

-14-

## **CERTIFICATE OF SERVICE**

I, Steven D. Pearson, an attorney, hereby certify that on February 14, 2017, I filed the foregoing document electronically, via Electronic Case Filing (ECF), which shall send notice to all counsel of record.

                                                         /s/ Steven D. Pearson

LEGAL\29385291\1